UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHYLLIS A. YAMAMOTO,

                Plaintiff,

    v.

TRANS UNION, LLC, et al.,

                Defendants.

CASE NO. C23-6052 BHS

ORDER

THIS MATTER is before the Court on defendant Trans Union's motion to stay. Dkt. 22. Trans Union asserts that plaintiff Phyllis Yamamoto's lead counsel, Stein Saks of New Jersey, has engaged in egregious and unethical conduct in representing plaintiffs in Federal Fair Credit Reporting Act (FCRA) cases nationwide. It asserts that Stein Saks has applied for credit in plaintiffs' names without their knowledge, falsified evidence, and charged unreasonable fees. Trans Union contends that, as the result of these practices, Stein Saks has been referred to the New York State Bar in *Sheindle Sofer v. Trans Union, LLC, et al*., No. 1:23-cv-04844-DLI-JAM (E.D.N.Y.).

Trans Union concedes that because "discovery has yet to conclude" in this matter, it does not yet know the extent of any misconduct in this case. Dkt. 22 at 2. Nevertheless,

1  it asks the Court to stay this case pending the outcome of the New York Bar

2  investigation. *Id.* Defendants Experian Information Solutions Inc. and Synchony Bank

3  have not weighed in on Trans Union's motion. Yamamoto, through lead counsel Stein

4  Saks and local counsel Brubaker, opposes a stay, arguing that the cases and attorneys are

5  different.

6      The Court will not stay the case on Trans Union's stated suspicions, based on an

7  admittedly undeveloped record. The extent of "wrongdoing" in this case, if any, can be

8  known only through the very discovery that would be foreclosed if the case were stayed.

9  Trans Union does not articulate, and the Court does not perceive, how the outcome of any

10  New York disciplinary proceedings could or should impact this case. There is no claim

11  and no evidence that Yamamoto has engaged in any misconduct; instead, Trans Union

12  suspects that she is the victim of unethical attorneys. Staying the case indefinitely,

13  without some identified way to have it re-opened, would prejudice only Yamamoto and

14  would benefit only Trans Union.

15      If Trans Union discovers that counsel is acting unethically in this case, it should

16  bring that fact to the Court's attention. Counsel is appearing *pro hac vice*—a privilege

17  that can be revoked. The Court can sanction unethical behavior occurring here.

18  Yamamoto has local counsel that presumably could undertake to represent her even if

19  Stein Saks cannot.

20      The motion to stay is **DENIED**. Plaintiff's counsel is **ORDERED** to promptly

21  provide Yamamoto a complete, unredacted copy of the motion, the response, the reply,

22  the supporting documentation, and this Order.

1

**IT IS SO ORDERED**.

2

Dated this 30th day of August, 2024.

3

4

_____

5

BENJAMIN H. SETTLE
United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 3